UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC M. ROBINSON, | No. 2:17-cv-0162 JAM AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RON RACKLEY, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner paid the filing fee. This action is referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(c).

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners. Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Review of the instant petition and request for judicial notice (which is largely duplicative of the petition) demonstrates that petitioner is challenging the September 22, 2015 decision of the California Board of Parole Hearings (BPH), denying petitioner parole, which was upheld on further review by the Board on October 1, 2015. See ECF No. 1 at 18-20; see also id. at 24-6; see

also ECF No. 8.  Petitioner apparently sought review of the BPH decisions pursuant to petitions for writ of habeas corpus filed in the California Court of Appeal and the California Supreme Court, which were denied on April 18, 2016 and June 15, 2016, respectively.  Id. at 21-2.

The densely-worded petition and request for judicial notice lack coherence and clarity. Nevertheless, it is apparent that petitioner is challenging the evidence relied on by the BPH, which he asserts is the same evidence underlying his 2009 convictions, and includes the allegedly perjured testimony of petitioner's brother, Craig, the arresting officer and the district attorney. Petitioner contends that his conviction and the decision of the BPH should be reversed and that his imprisonment constitutes cruel and unusual punishment.

Significantly, petitioner is currently pursuing, with the assistance of counsel, a petition for writ of habeas corpus in the Central District of California challenging his 2009 convictions.  See Robinson v. Hill, Case No. 2:13-cv-01311 TJH KES P.[1]  Review of the docket in that case indicates that respondent's answer to petitioner's Second Amended Petition is due on April 4, 2017.  Id. (ECF No. 190).  Petitioner is precluded from simultaneously challenging his 2009 convictions in a separate habeas petition, see generally 28 U.S.C. § 2244, and therefore his current challenges to his convictions are not reviewable in this court.

Nor can petitioner challenge in this or any federal court the evidence upon which the BPH relied in reaching its 2015 decisions that petitioner poses a current risk of danger to the public;[2] petitioner can challenge only the BPH's procedures.  States "are under no duty to offer parole to their prisoners," but the creation of the option creates a state liberty interest subject to "fair procedures" protected by federal due process.  Swarthout v. Cooke, 562 U.S. 216, 220 (2011). The Supreme Court has emphasized that "[i]n the context of parole, we have held that the

---

[1] This fact was initially noted by this court in another case recently filed by petitioner.  See Case No. 2:16-cv-02922 MCE KJN P (ECF No. 11).  This court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[2] This standard for assessing parole suitability in California is set forth in In re Lawrence (2008) 44 Cal. 4th 1181, and by state regulations, see e.g. Cal. Code Regs. tit. 15, § 2402.

procedures required are minimal. . . . [A] prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied. 'The Constitution,' we held, 'does not require more.' Id. at 220 (quoting Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979)). In Swarthout, the Supreme Court found no violation of due process where prisoners "were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied." Id. (citations omitted). The Supreme Court declined to elevate to a federal liberty interest the California requirement that BPH decisions be supported by "some evidence" of current dangerousness, emphasizing that "the only federal right at issue is procedural, [and therefore] the relevant inquiry is what process [the prisoner] received, not whether the state court decided the case correctly." Id. at 222.

The instant petition is replete with allegations of fraud, fabrication, perjury and conspiracy (as well as excessive force, violation of due process, violation of the Fourth Amendment, the ineffective assistance of "all my P.D.S.," (presumably "Public Defenders"), etc.). However, the gravamen of the petition is a challenge to the evidence relied on by the BPH in denying petitioner parole. Under Swarthout, this challenge is not cognizable on federal habeas review.

Thus, this court finds that the instant petition fails to state a cognizable claim for federal habeas relief for the following reasons. First, petitioner's challenges to his 2009 convictions are currently being addressed by petitioner's counsel in the Central District of California in Robinson v. Hill, Case No. 2:13-cv-01311 TJH KES P, and that action is the exclusive means for such challenges. See 28 U.S.C. § 2244. Second, petitioner's challenges to the evidence underlying his 2015 denial of parole are not cognizable in federal court. Swarthout, 562 U.S. 216. Accordingly, this court recommends dismissal of the instant petition without prejudice. See Rule 4, Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus, ECF No. 1, be denied without prejudice; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 21, 2017

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE